UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. MONA, JR., | Case No.: 2:21-cv-02196-APG-DJA |
| Plaintiff | **Order (1) Denying Defendant's Motion for Summary Judgment and (2) Ordering Supplemental Briefing** |
| v. | |
| CV SCIENCES, INC., | [ECF No. 7] |
| Defendant | |

Plaintiff Michael J. Mona, Jr. sues the company he co-founded, defendant CV Sciences, Inc. (CVSI). Mona alleges CVSI caused him to incur millions in state and federal taxes by failing to withhold income tax when it issued him Restricted Stock Units (RSUs). He alleges breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence. He seeks declaratory relief that his employment contract with CVSI is valid, injunctive relief ordering CVSI to pay the taxes, and indemnity from CVSI with respect to those taxes.

CVSI moves to dismiss. It argues that Mona's claims are barred because Mona should have brought them as compulsory counterclaims in a California state action CVSI filed against Mona in 2020. The parties are familiar with the facts, so I repeat them only as necessary to resolve the motion. I deny CVSI's motion.

I apply state law to determine whether a counterclaim was compulsory in a prior state court action. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). I apply the law of the state where the action occurred. *See Fox v. Maulding*, 112 F.3d 453, 456-57 (10th Cir. 1997); *Vashisht-Rota v. Howell Mgmt. Servs.*, 837 Fed. Appx. 602, 602 (9th Cir. 2021). I therefore apply California law because CVSI sued Mona in California court. ECF No. 7-6.

Under California Code of Civil Procedure § 426.30(a), a defendant waives compulsory counterclaims by failing to bring them.[1] But a defendant does not waive unasserted compulsory counterclaims if he did not file an answer in the action. Cal. Code Civ. P. § 426.30(b)(2).

In the California case, Mona filed a motion to compel arbitration, but not an answer. ECF Nos. 7-7; 18 at 6; 19 at 2. Because Mona did not file an answer, he did not waive the claims he asserts in this case. I therefore deny the motion to dismiss.[2]

I raised sua sponte in the September 8, 2022 hearing whether I have jurisdiction over some or any of Mona's claims because they appear to be based on the parties' employment agreement, which has an arbitration clause. ECF No. 7-1 at 12. The arbitration clause appears to deprive me of jurisdiction. Therefore, I direct the parties to brief whether Mona's claims are governed by the arbitration clause.

I THEREFORE ORDER that by October 3, 2022, each of the parties shall file a brief of no more than 10 pages addressing whether any of Mona's claims is subject to the employment agreement's arbitration clause.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

---

[1] The defendant waives an unasserted compulsory counterclaim only if he had the claim at the time he served his answer to the complaint. Cal. Code Civ. P. § 426.30(a). The parties dispute whether Mona knew or should have known about his tax liability as early as 2019. I need not address that issue at this time.

[2] I deny the motion to dismiss without prejudice. I am not deciding whether Mona waived these claims by failing to raise them in the previous arbitration proceeding or by participating in that proceeding. I decide only that Mona did not waive them as unasserted compulsory counterclaims in the California state court action, which is the basis of CVSI's motion.

I FURTHER ORDER that by October 14, 2022, each party may file a response brief of no more than five pages.

DATED this 12th day of September, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE