UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. MONA, JR.,<br><br>  Plaintiff<br><br>v.<br><br>CV SCIENCES, INC.,<br><br>  Defendant | Case No.: 2:21-cv-02196-APG-DJA<br><br>**Order (1) To Arbitrate Claims and (2) Denying Motion for Summary Judgment**<br><br>[ECF No. 28] |

Plaintiff Michael Mona sues his former employer, defendant CV Sciences, Inc. (CVSI), alleging it failed to withhold income taxes from restricted stock units (RSUs) it issued to him. I ordered the parties to brief whether Mona's claims are subject to the arbitration clause in his employment agreement. Mona argues that the employment agreement applies and requests that I stay litigation and order arbitration. CVSI opposes, arguing that Mona's claims arise from the parties' RSU agreement, which lacks an arbitration clause, or alternatively that Mona waived any right to arbitrate. CVSI also moves for summary judgment on the grounds of issue preclusion and judicial estoppel. ECF No. 28. Because the arbitration clause applies to Mona's claims and CVSI has not met its burden of proving Mona waived his right to compel arbitration, I order the parties to arbitrate Mona's claims. I deny CVSI's motion for summary judgment.

**I. BACKGROUND**

Mona is the founder and former CEO of CVSI, which develops and sells cannabidiol products. ECF No. 27-1 at 2. Mona's employment agreement entitled him to 2,950,000 RSUs as part of his compensation. *Id.* at 4. It also contained an arbitration clause and a general choice of law provision selecting California law. *Id.* at 12. The parties also entered into an RSU agreement

governing the details of the RSU compensation. ECF No. 27-3.  That agreement lacked an arbitration clause and identified Delaware law as governing. *Id.* at 8.  It also contained a provision stating that "[t]his Agreement, the Plan and the Employment Agreement contain the entire agreement and understanding of the parties hereto with respect to the subject matter contained herein and therein." *Id.*

## II. ANALYSIS

### A. Arbitration clause's applicability to Mona's claims

The Federal Arbitration Act (FAA) applies to contracts involving interstate commerce. 9 U.S.C. §§ 1, 2.  The FAA utilizes the "broadest permissible exercise of Congress' Commerce Clause power" and "encompasses a wider range of transactions than those actually in commerce." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (quotation omitted); s*ee also Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) (holding that, other than in the context of transportation workers, the FAA applies to employment contracts involving interstate commerce).  The parties' employment agreement required Mona to work in Nevada and California. ECF No. 27-1 at 2.  It therefore involves interstate commerce, so the FAA applies.

When determining whether claims are subject to an arbitration clause in a contract covered by the FAA, I consider only "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  I do not consider the merits of the underlying dispute. *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991) ("[C]ourts must be careful not to overreach and decide the merits of an arbitrable claim.").  The parties agree that there is a valid arbitration clause in the employment agreement but dispute its scope.  I therefore focus on whether the parties agreed to arbitrate Mona's claims.

Absent clear and unmistakable evidence that CVSI and Mona intended for arbitrability to be decided by state law, I apply substantive federal law. *Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 921 (9th Cir. 2011). When, as here, the employment agreement contains only a general choice of law clause, "the federal law of arbitrability under the FAA governs the allocation of authority between courts and arbitrators." *Chiron Corp.*, 207 F.3d at 1130-31. I therefore apply federal law to determine whether Mona's claims are subject to the arbitration clause.[1] I resolve any doubt in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983).

The Ninth Circuit broadly interprets arbitration clauses that cover claims "arising in connection with" the contract. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720-21 (9th Cir. 1999). When an arbitration clause uses that phrase, it endorses a broad category of arbitrable claims, and all claims with factual allegations that "touch matters" covered by the contract are arbitrable. *Id.* (quotation omitted). The claims need not be based on contract law. *See id.* at 721-725 (finding that a broad arbitration clause covered claims for antitrust, Lanham Act, defamation, and misappropriation of trade secrets).

The arbitration clause in the parties' employment agreement states that "[a]ny unresolved dispute or controversy arising under or in connection with this Agreement shall be settled exclusively by arbitration." ECF No. 27-1 at 12. Because the clause uses the phrase "in connection with," I interpret it broadly and read it to include any claims that touch matters covered by the parties' employment contract.

---

[1] The result would be the same even if I applied California law because California utilizes similar interpretive rules for arbitrability. *See, e.g.*, *Rice v. Downs*, 248 Cal. App. 4th 175, 186 (Cal. Ct. App. 2016) (holding that California courts should broadly interpret arbitration clauses using the phrase "arising in connection with").

All of Mona's claims stem from his assertion that CVSI breached a duty to withhold income taxes from the RSUs. His complaint alleges that the duty to withhold arises from the employer-employee relationship, through both the Internal Revenue Code and the employment agreement. ECF No. 4-1 at 9. CVSI argues that Mona's claims arise in connection with the RSU agreement because that agreement contained the specific terms of the RSU issuance, vesting, and settlement. But the employment agreement (executed the same day as the RSU agreement) also outlines the RSU vesting schedule. ECF No. 27-1 at 4. And it governs the parties' employer-employee relationship by outlining their rights and responsibilities, including Mona's entitlement to the RSUs as compensation.[2] *Id.* Mona's claims arise from the allegation that CVSI violated the employment agreement and the employer-employee relationship by failing to withhold taxes from his RSU compensation. Those claims "touch matters" covered by the employment agreement because the agreement covers the RSUs and the parties' employer-employee relationship. Thus, the parties agreed to arbitrate Mona's claims.

CVSI argues that the claims are not arbitrable in part because the RSU agreement provides that any tax liability was Mona's responsibility. CVSI also argues that the employment agreement does not place a duty on it to withhold taxes from RSUs, and thus Mona's claims cannot arise under the employment agreement. But those arguments address the merits of Mona's underlying claims, and as I previously discussed, I cannot consider the merits of the case. I decide only that the parties agreed to arbitrate the claims, not whether the claims have merit.

---

[2] CVSI argues that Mona's claims are based on the settlement of the RSUs rather than their issuance. But it does not explain why that means Mona's claims do not arise in connection with the employment agreement, which provided that the RSUs were part of his compensation under the employment agreement. ECF No. 27-1 at 4.

### B.  Waiver

CVSI argues that even if Mona's claims are arbitrable, he waived his right to compel arbitration.  I apply federal law to decide this question because a general choice of law provision "does not trump the presumption that the FAA supplies the rules for arbitration." *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269-70 (9th Cir. 2002).  A party waives its right to arbitrate when (1) it knew of an existing right to arbitrate, (2) it acted inconsistently with that right, and (3) the opposing party was prejudiced by the moving party's inconsistent acts. *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009).

Courts "do not lightly find waiver of the right to arbitrate." *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 724 (9th Cir. 2000).  Waiver is disfavored and I must view all facts "in light of the strong federal policy favoring enforcement of arbitration agreements." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (quotation omitted).  CVSI, as the party arguing waiver, "bears a heavy burden of proof." *Id.* (quotation omitted).  I resolve any doubt about waiver in favor of arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.  Mona admits that he knew of his right to compel arbitration but denies that he acted inconsistently with the right or that CVSI has been prejudiced.  I therefore address only the second and third factors.

#### 1.  Inconsistent action

When determining whether Mona acted inconsistently with his right to arbitrate, I consider the totality of his actions. *Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019).  "[A] party acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Id.*

There is no dispute Mona knew about the arbitration clause when he filed this lawsuit because the parties previously arbitrated a different dispute after Mona moved to compel arbitration in that case. He thus made an intentional decision to refrain from compelling arbitration here until I raised the issue.

Mona also actively litigated the merits of this case. A party takes advantage of being in court by "[s]eeking a decision on the merits of a key issue." *Newirth*, 931 F.3d at 941. Here, by filing the complaint, Mona "evince[d] an intentional decision to forgo arbitration in favor of a judicial forum." *Id.* at 942 (quotation omitted); s*ee also United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 765 (9th Cir. 2002) (filing a complaint and requesting a jury trial is inconsistent with the right to arbitrate). Thus, Mona acted inconsistently with his right to arbitrate.

### 2. Prejudice

CVSI has not met its heavy burden of proving it was prejudiced. It points only to the fact that it incurred costs by filing its motion to dismiss and "defending this case in court." ECF No. 25 at 8-9. But even "substantial" legal costs may not be enough to find prejudice if the suit never passes the pleading stage. *United Comput. Sys.*, 298 F.3d at 765; *see also PPG Indus. v. Webster Auto Parts*, 128 F.3d 103, 107 (2d Cir. 1997) ("Incurring legal expenses inherent in litigation, without more, is insufficient evidence of prejudice to justify a finding of waiver."). A claim of prejudice based on expenses is more persuasive where a case proceeds to discovery and trial. *United Comput. Sys.*, 298 F.3d at 765. But this case is still early in the litigation process. Because CVSI only points to litigation expenses as evidence of prejudice, it has not met its burden of showing that Mona waived his contractual right to compel arbitration.

/ / / /

### III.  CONCLUSION

Because I am compelling the parties to arbitrate the claims asserted in this case, I deny CVSI's motion for summary judgment without prejudice to raise that argument in the arbitration proceeding.  There is no need to keep this case open, so I will close it.

I THEREFORE ORDER that the parties must arbitrate the claims in this case.

I FURTHER ORDER that CVSI's motion for summary judgment **(ECF No. 28) is DENIED** without prejudice.

I FURTHER ORDER the clerk of court to close this case.

DATED this 3rd day of November, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE